THE LAW OFFICES OF GEOFFREY V. SEAY
**BY: Geoffrey V. Seay, Esquire**          **Attorney For Peter Davis**
IDENTIFICATION NO.: 57744
1315 Walnut Street, Suite 602
Philadelphia, PA 19107
Phone: (215) 893-1480
Fax:    (215) 893-1483
Email: seaylaw@aol.com

---

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER DAVIS[1] | ) |
| SCI-Coal Township | ) |
| 1 Kelley Drive | ) |
| Coal Township, PA 17866-1020 | ) |
|       Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) No.  14-CV-_____ |
| | ) |
| | ) |
| | ) |
| CORIZON HEALTH, INC. | ) |
| 105 Westpark Drive, Suite 200 | ) |
| Brentwood, TN 37027-5010 | ) |
| | ) |
| DR. EKE KALU, M.D. | ) |
| CORIZON HEALTH, INC. | ) |
| c/o Philadelphia Prison System | ) |
| 7901 State Road | ) |
| Philadelphia, PA 19136 | ) |

---

[1]Mr. Davis is incarcerated under the name of Peter Karlton Taylor.  He has been incarcerated in the local and state correctional systems in four different Pennsylvania counties during the relevant time period.  Two counties (Philadelphia and Montgomery) are in the Eastern District of Pennsylvania and, two counties (Northumberland and Cumberland) are in the Middle District of Pennsylvania.  CORIZON HEALTH, INC. and the COMMONWEALTH OF PENNSYLVANIA Department of Corrections have offices and employees in the Eastern District of Pennsylvania. Finally, Mr. Davis' injuries arose in the Eastern District of Pennsylvania.

JOHN/JANE DOE-PPS )
CORIZON HEALTH, INC. )
c/o Philadelphia Prison System )
7901 State Road )
Philadelphia, PA 19136 )
)
CITY AND COUNTY OF PHILADELPHIA )
c/o City Law Department )
1515 Arch Street, 14th Floor )
Philadelphia, PA 19102-1595 )
)
LOUIS GIORLA )
c/o PHILADELPHIA PRISON SYSTEM )
7901 State Road )
Philadelphia, PA 19136 )
)
BRUCE HERDMAN, Ph.D. )
c/o PHILADELPHIA PRISON SYSTEM )
7901 State Road )
Philadelphia, PA 19136 )
)
COMMONWEALTH OF PENNSYLVANIA )
c/o Department of Corrections )
1920 Technology Parkway )
Mechanicsburg, PA  17050 )
)
JOHN E. WETZEL )
Secretary )
COMMONWEALTH OF PENNSYLVANIA )
Department of Corrections )
1920 Technology Parkway )
Mechanicsburg, PA  17050 )
)
CHRISTOPHER H. OPPMAN )
Director, Inmate Healthcare )
COMMONWEALTH OF PENNSYLVANIA )
Department of Corrections )
1920 Technology Parkway )
Mechanicsburg, PA  17050 )
)
MICHAEL WENEROWICZ )
Warden )
SCI-GRATERFORD )
P.O. Box 426 )
Graterford, PA 19426 )

2

<table>
<tr><td></td><td>)</td></tr>
</table>

|                                      |     |
|--------------------------------------|-----|
| JOSEPH C. KORSZNIAK                   | )   |
| 35 North 6th Street, 2d Floor        | )   |
| Reading, PA 19601-3668               | )   |
|                                      | )   |
| DR. RICHARD STEFANIC, M.D.           | )   |
| 525 Penn Street, 2d Floor            | )   |
| Reading, PA 19601-3410               | )   |
|                                      | )   |
| DR. BRUCE IAN BLATT, M.D.            | )   |
| CORIZON HEALTH, INC.                 | )   |
| c/o Philadelphia Prison System       | )   |
| 7901 State Road                      | )   |
| Philadelphia, PA 19136               | )   |
|                                      | )   |
| DOE-M.D.                             | )   |
| CORIZON HEALTH, INC.                 | )   |
| c/o SCI-GRATERFORD                   | )   |
| P.O. Box 8837                        | )   |
| Camp Hill, PA 17001-8837             | )   |
|                                      | )   |
| RAYMOND LEON MACHAK, PA-C            | )   |
| CORIZON HEALTH, INC.                 | )   |
| c/o SCI-GRATERFORD                   | )   |
| P.O. Box 8837                        | )   |
| Camp Hill, PA 17001-8837             | )   |
|                                      | )   |
| DAN LEE, R.N.                        | )   |
| CORIZON HEALTH, INC.                 | )   |
| c/o SCI-GRATERFORD                   | )   |
| P.O. Box 8837                        | )   |
| Camp Hill, PA 17001-8837             | )   |
|                                      | )   |
| KIMBERLY A. TOBIN, CRNP             | )   |
| CORIZON HEALTH, INC.                 | )   |
| c/o SCI-GRATERFORD                   | )   |
| P.O. Box 8837                        | )   |
| Camp Hill, PA 17001-8837             | )   |
|                                      | )   |
| LAUREL HARRY                         | )   |
| Warden                               | )   |
| SCI-CAMP HILL                        | )   |
| P.O. Box 8837                        | )   |
| Camp Hill, PA 17001-8837             | )   |
|                                      | )   |
| SECURITY CAPTAIN                     | )   |

3

SCI-Camp Hill                                          )
P.O. Box 8837                                         )
Camp Hill, PA 17001-8837                              )
                                                      )
DOE-M.D.                                              )
Director, Inmate Healthcare                           )
SCI-Camp Hill                                          )
P.O. Box 8837                                         )
Camp Hill, PA 17001-8837                              )
                                                      )
DR. PETER BINNION, M.D.                               )
3472 West Chester Pike, Suite 200                     )
Newtown Square, PA 19073                              )
                                                      )
PAUL ALBERT NOEL, M.D.                                )
CORIZON HEALTH, INC.                                  )
c/o SCI-Camp Hill                                     )
2500 Lisburn Road                                     )
Camp Hill, PA 17011                                   )
                                                      )
SHELIA MARIE MCGINNIS, PA-C                           )
CORIZON HEALTH, INC.                                  )
c/o SCI-Camp Hill                                     )
P.O. Box 8837                                         )
Camp Hill, PA 17001-8837                              )
                                                      )
VIVIAN MARIE GANDY, M.D.                              )
CORIZON HEALTH, INC.                                  )
c/o SCI-Camp Hill                                     )
2500 Lisburn Road                                     )
Camp Hill, PA 17011                                   )
                                                      )
MICHAEL GEORGE SPAEDER, PA-C                          )
2159 White Street, Suite 11                           )
York, PA 17404-4943                                   )
                                                      )
DR. THEODOOR ANTHONY VOORSTAD, M.D.                   )
2550 Kingston Road, Suite 205                         )
York, PA 17402-3735                                   )
                                                      )
M. EDWARDS, R.N.                                      )
CORIZON HEALTH, INC.                                  )
c/o SCI-Camp Hill                                     )
P.O. Box 8837                                         )
Camp Hill, PA 17001-8837                              )
                                                      )

4

VINCENT F. MOONEY, JR.                          )
Warden                                          )
SCI-Coal Township                               )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
SECURITY CAPTAIN                                )
SCI-Coal Township                               )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
DOE-M.D.                                        )
Director, Inmate Healthcare                     )
SCI-Coal Township                               )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
BRIAN DAVIS, PA-C                               )
CORIZON HEALTH, INC.                            )
c/o SCI-Coal Township                           )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
DR. SCHARFF                                      )
CORIZON HEALTH, INC.                            )
c/o SCI-Coal Township                           )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
LYNN WOLFGANG, R.N.                             )
CORIZON HEALTH, INC.                            )
c/o SCI-Coal Township                           )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
NANCY GRIMES, R.N.                              )
CORIZON HEALTH, INC.                            )
c/o SCI-Coal Township                           )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )
                                                )
DR. STANLEY MICHAEL STANISH, M.D.               )
CORIZON HEALTH, INC.                            )
c/o SCI-Coal Township                           )
1 Kelley Drive                                  )
Coal Township, PA 17866-1020                    )

5

Defendants.                          )

## CIVIL RIGHTS COMPLAINT

This is a civil rights action brought by Plaintiff, Peter Davis, seeking damages and punitive damages against the named Defendants under the United States Constitution, federal laws and the tort laws of the Commonwealth of Pennsylvania.

### I.  JURISDICTION

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988; Americans With Disabilities Act; and the Eighth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state tort laws; this Court has jurisdiction over all claims and parties.

### II.  EXHAUSTION

2. Plaintiff has exhausted his administrative remedies by filing the appropriate grievances.

### III.  PARTIES

3. Plaintiff hereby incorporates by reference, Paragraphs 1 through 2, as though they are fully set forth herein.

4. Plaintiff, Peter Davis ("Mr. Davis" or "Plaintiff"), is a male adult resident of the Commonwealth of Pennsylvania.  At all times relevant here, Mr. Davis was imprisoned in the City and County of Philadelphia Prison System's ("PPS") Detention Center ("DC"), and the Pennsylvania Department of Corrections' ("PA-DOC") state prisons at SCI-Graterford, Graterford, PA, SCI-Camp Hill, SCI-Camp Hill and SCI-Coal Township, Coal Township, PA.

5. Defendant, CORIZON HEALTH, INC. ("Defendant CORIZON"), is a Delaware corporation with its principal place of business in Brentwood, TN.

6.  Defendant, Dr. Eke Kalu, M.D. ("Defendant KALU"), is a Regional Medical Director employed by CORIZON at PPS.  Defendant KALU is a licensed professional with offices in Philadelphia County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

7.  Defendants, JOHN/JANE DOES-PPS (Defendant DOES-PPS"), are medical employees of Defendant CORIZON at PPS; they are licensed professionals with offices in Philadelphia County, Pennsylvania.  Plaintiff is asserting a professional liability claim against these Defendants.

8.  Defendant, City and County of Philadelphia ("Defendant CITY"), is a municipality organized by and through the Commonwealth of Pennsylvania that directs, manages and controls the Philadelphia Prison System ("PPS") and contracts with the CORIZON Defendants, and was acting as an agent for and in concert with all the other Defendants.

9.  Defendant, Louis Giorla ("Defendant GIORLA"), is the Commissioner of the Philadelphia Prison System ("PPS"); he is being sued in his individual and official capacities.

10. Defendant, Bruce Herdman, Ph.D., ("Defendant HERDMAN"), is the Chief Medical Officer at PPS; he is being sued in his individual and official capacities.

11. Defendant, Commonwealth of Pennsylvania ("Defendant COMMONWEALTH"), manages and operates the Pennsylvania Department of Corrections ("PA-DOC") and its SCI-Graterford, SCI-Camp Hill and SCI-Coal Township prison facilities.

12. Defendant, John E. Wetzel ("Defendant WETZEL"), the Secretary of the Commonwealth of PA-DOC; he is being sued in his individual and official capacities.

13. Defendant, Christopher H. Oppman ("Defendant OPPMAN"), is the Director of Inmate Healthcare at the Commonwealth of Pennsylvania Department of Corrections; he is being sued in his individual and official capacities.

14. Defendant, Michael Wenerowicz ("Defendant WENEROWICZ"), is the Warden at SCI-Graterford; he is being sued in his individual and official capacities.

15. Defendant, Security Captain SCI-Camp Hill ("Defendant SECURITY CAPTAIN SCI-Camp Hill"); he is being sued in his individual and official capacities.

16. Defendant, Dr. Joseph C. Korszniak, M.D. ("Defendant KORSZNIAK"), is a Regional Medical Director at SCI-Graterford; he is being sued in his individual and official capacities. Defendant KORSZNIAK is a licensed professional with offices in Montgomery County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

17. Defendant, Dr. Richard Stefanic, M.D. ("Defendant STEFANIC"), is a Medical Doctor employed by CORIZON at SCI-Graterford. Defendant STEFANIC is a licensed professional with offices in Montgomery County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

18. Defendant, Dr. Bruce Ian Blatt, M.D. ("Defendant BLATT"), is a Medical Doctor employed by CORIZON at SCI-Graterford. Defendant BLATT is a licensed professional and had offices in Montgomery County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

19. Defendant, Raymond Machak, PA-C ("Defendant MACHAK"), is a Physician Assistant employed by CORIZON at SCI-Graterford. Defendant MACHAK is a licensed profes-

8

sional with offices in Montgomery County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

20. Defendant, Dan Lee, R.N. ("Defendant LEE"), is a Nurse employed by CORIZON at SCI-Graterford.  Defendant LEE is a licensed professional with offices in Montgomery County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

21. Defendant, Kimberly Tobin, CRNP ("Defendant TOBIN"), is a Nurse employed by CORIZON at SCI-Graterford.  Defendant TOBIN is a licensed professional with offices in Montgomery County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

22. Defendant, Laurel Harry ("Defendant HARRY"), is the Warden at SCI-Camp Hill; he is being sued in his individual and official capacities.

23. Defendant, DOE-M.D. SCI-Camp Hill, M.D. ("Defendant DOE-M.D. Camp Hill"), is a Regional Medical Director at SCI-Camp Hill; he is being sued in his individual and official capacities.  Defendant DOE-M.D. is a licensed professional with offices in Montgomery County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

24. Defendant, Dr. Peter Binnion, M.D. ("Defendant BINNION), is a Medical Doctor employed by CORIZON at SCI-Camp Hill.  Defendant BINNION is a licensed professional with offices in Cumberland County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.

25. Defendant, Dr. Paul Albert Noel, M.D. ("Defendant NOEL), is a Medical Doctor employed by CORIZON at SCI-Camp Hill and SCI-Coal Township.  Defendant NOEL is a

9

licensed professional with offices in Cumberland and Northumberland Counties, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

26. Defendant, Shelia Marie McGinnis, PA-C ("Defendant MCGINNIS"), is a Physician Assistant employed by CORIZON at SCI-Camp Hill. Defendant MCGINNIS is a licensed professional with offices in Cumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

27. Defendant, Dr. Vivian Marie Gandy, M.D. ("Defendant GANDY), is a Medical Doctor employed by CORIZON at SCI-Camp Hill. Defendant GANDY is a licensed professional with offices in Cumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

28. Defendant, Michael George Spaeder, PA-C ("Defendant SPAEDER"), was a Physician Assistant employed by CORIZON at SCI-Camp Hill. Defendant SPAEDER is a licensed professional with offices in York County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

29. Defendant, Theodoor Anthony Voorstad, M.D. ("Defendant VOORSTAD"), is a Medical Doctor employed by CORIZON at SCI-Camp Hill. Defendant VOORSTAD is a licensed professional with offices in Cumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

30. Defendant, M. Edwards, R.N. ("Defendant EDWARDS"), is a Nurse employed by CORIZON at SCI-Camp Hill. Defendant EDWARDS is a licensed professional with offices in Cumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

31. Defendant, Vincent F. Mooney, Jr. ("Defendant MOONEY"), is the Warden at SCI-Coal Township; he is being sued in his individual and official capacities.

32. Defendant, Security Captain SCI-Coal Township ("Defendant SECURITY CAPTAIN SCI-Coal Township"); he is being sued in his individual and official capacities.

33. Defendant, DOE-M.D. SCI-Coal Township, M.D. ("Defendant DOE-M.D. Coal Township"), is a Regional Medical Director at SCI-Coal Township; he is being sued in his individual and official capacities. Defendant DOE-M.D. is a licensed professional with offices in Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

34. Defendant, Brian Davis, PA-C. ("Defendant DAVIS"), is a Physician Assistant employed by CORIZON at SCI-Coal Township. Defendant DAVIS is a licensed professional with offices in Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

35. Defendant, Dr. Scharff, M.D. ("Defendant SCHARFF"), is a Medical Doctor employed by CORIZON at SCI-Coal Township. Defendant SCHARFF is a licensed professional with offices in Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

36. Defendant, Lynn Wolfgang ("Defendant WOLFGANG"), is a Nurse employed by CORIZON at SCI-Coal Township. Defendant WOLFGANG is a licensed professional with offices in Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

37. Defendant, Nancy Grimes ("Defendant GRIMES"), is a Nurse employed by CORIZON at SCI-Coal Township. Defendant GRIMES is a licensed professional with offices in

Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

38. Defendant, Dr. Stan Michael Stanish, M.D. ("Defendant STANISH"), is a Medical Doctor employed by CORIZON at SCI-Coal Township. Defendant STANISH is a licensed professional with offices in Northumberland County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

## IV. FACTS

39. Plaintiff hereby incorporates by reference, Paragraphs 1 through 38, as though they are fully set forth herein.

40. At all times relevant to this lawsuit, Defendant CORIZON[2] held a contract to provide all medical services to inmates in the PPS and the PA-DOC, was under the direct control and supervision of Defendants CITY[3], COMMONWEALTH[4] and their employees at PPS, SCI-Graterford, SCI-Camp Hill and SCI-Coal Township, and was acting as an agent for and in concert with those Defendants.

41. From November 2, 2010 through March 5, 2012, Mr. Davis was incarcerated at PPS and DC as a pretrial detainee and convicted inmate.

---

[2]At times, Defendants CORIZON HEALTH, INC., KALU, DOE-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township will be referred to collectively as the "CORIZON Defendants."

[3]At times, Defendants CITY AND COUNTY OF PHILADELPHIA, GIORLA and HERDMAN will be referred to collectively as the "MUNICIPAL Defendants."

[4]At times, Defendants COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZNIAK, HARRY, SECURITY CAPTAIN SCI-Camp Hill, MOONEY, SECURITY CAPTAIN SCI-Coal Township, will be referred to collectively as the "COMMONWEALTH Defendants."

42. Defendant CITY operates and manages PPS as the county prison system and is responsible for the conditions of confinement and treatment of persons incarcerated the PPS facilities; it has a constitutional and statutory duty to provide prompt, adequate and necessary healthcare to inmates at PPS; it is not absolved of its duty by hiring private-for-profit corporations to provide healthcare to county inmates; and it is liable third-party negligence as it relates to inmate healthcare

43. Defendants GIORLA and HERDMAN directly supervises and controls DC as part of PPS and, have a constitutional and statutory duty to provide prompt, adequate and necessary healthcare to inmates at PPS; they are not absolved of their duties by hiring private-for-profit corporations to provide healthcare to county inmates; and they liable third-party negligence as it relates to inmate healthcare.

44. On or about November 2, 2010 and November 6, 2010 Mr. Davis was given an HIV test at PPS and, on or about November 16, 2010 those results were NEGATIVE.

45. No further HIV testing was done a PPS and, Mr. Davis reasonably believes and avers that he was never prescribed or administered any HIV medications while at PPS.

46. On March 4, 2012, Mr. Davis was evaluated by Defendant CORIZON's medical staff at PPS and, there is not mention of him being infected with HIV.

47. At all times relevant hereto, the MUNICIPAL Defendants were responsible for the health, safety, well-being and provision of health care to Plaintiff while he was a prisoner at PPS, and Defendant CORIZON was the MUNICIPAL Defendants' health care provider to Plaintiff while he was a prisoner at PPS; Plaintiff did have any other medical care available to him.

48. On March 5, 2012, Mr. Davis was transferred from PPS to PA-DOC's SCI-Graterford facility and his medical records from PPS were sent to SCI-Graterford.

49. As the operator and manager of SCI-Graterford, SCI-Camp Hill and SCI-Coal Township, the COMMONWEALTH Defendants have a constitutional and statutory duty to provide prompt, adequate and necessary healthcare to inmates at SCI-Graterford, SCI-Camp Hill and SCI-Coal Township; they are not absolved of their duties by hiring private-for-profit corporations to provide healthcare to county inmates; and it is liable third-party negligence and constitutional violations as it relates to inmate healthcare.

50. At all times relevant hereto, the COMMONWEALTH Defendants were responsible for the health, safety, well-being and provision of health care to Plaintiff while he was a prisoner at SCI-Graterford, SCI-Camp Hill and SCI-Coal Township, and Defendant CORIZON was the COMMONWEALTH Defendants' health care provider to Plaintiff while he was a prisoner at SCI-Graterford, SCI-Camp Hill and SCI-Coal Township; Plaintiff did have any other medical care available to him.

51. As the operator and manager of SCI-Graterford, SCI-Camp Hill and SCI-Coal Township, the COMMONWEALTH Defendants have a constitutional and statutory nondelegable duty to comply with the provisions of the Americans With Disabilities Act; it is not absolved of its duty by hiring private-for-profit corporations to provide healthcare to county inmates; and it is liable third-party negligence and constitutional violations as it relates to the Americans With Disabilities Act.

52. From March 5, 2012 through March 16, 2012, Mr. Davis was incarcerated at SCI-Graterford as a sentenced inmate.

53. On March 5, 2012, an unknown Defendant CORIZON employee at SCI-Graterford made the following notation: "Not HIV+", on Mr. Davis' PA-DOC medical "Problem List."

54. On March 5, 2012, Defendant LEE outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights a notation Mr. Davis' DC-472 ("Progress Notes"), as follows: "Hx of… HIV."

55. On March 5, 2012, unbeknownst to Mr. Davis, Defendants STEFANIC, MACHAK, LEE and other CORIZON and PA-DOC employees outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights prescribed and administered to Mr. Davis the HIV drugs, "Truvada 200-300 mg [and] Isentress 400 mg" for 90 days.

56. Defendant MACHAK recklessly did not comply with 49 Pa. Code § 18.158(a)(3), (4), (6), (d)(3), and 49 Pa. Code § 18.171 *et seq.*

57. During this time, Defendant BLATT had a statutory nondelegable duty to supervise Defendant MACHAK; and pursuant to 49 Pa. Code § 18.144(7) is fully liable for Defendant MACHAK's negligence and constitutional violations as it relates to Mr. Davis' healthcare.

58. Defendant BLATT recklessly did not comply with 49 Pa. Code § 18.142(5), 49 Pa. Code § 18.144(1), (4), (5), 49 Pa. Code § 18.158(c), (d)(5), 49 Pa. Code § 18.159 *et seq*, and 49 Pa. Code § 18.171 *et seq*.

59. These medications were part of a nine pill cocktail of medications that the CORIZON Defendants prescribed to Mr. Davis on that day.

60. With the exception of the HIV medications, Mr. Davis had been prescribed and administered the other medications while at PPS.

61. PA-DOC's medicine dispensary procedures are similar to those at PPS; that is, Mr. Davis is called to a "medication line" and given a small white cup of pills and a small white cup of water, and the medications are taken under the direct supervision of Defendant CORIZON and PA-DOC's staff.

62. Both of the unnecessary and toxic HIV medications were incompatible with numerous other necessary medications that Mr. Davis was taking for chronic diabetes, high blood pressure, peripheral vascular disease and related illnesses; Mr. Davis reasonably believes and avers that the unnecessary and toxic HIV medications interfered with the effectiveness of the medications that he was taking for his chronic illnesses.

63. Both of the unnecessary and toxic HIV medications caused Mr. Davis to experience severe emotional and physical side-effects[5] such as depression, hyperglycemia, diarrhea, dizziness, fatigue, headaches, nausea and vomiting, pain, nerve problems and skin rashes causing Mr. Davis to feel: "Like a dead man walking with major depression and being part of the *Tuskegee Experiments*."

64. On March 8, 2012, BioReference Laboratories sent Defendant CORIZON employees ta SCI-Graterford a "Preliminary Report"; there is no mention of Mr. Davis having HIV.

65. Despite the undisputed BioReference Laboratories Reports, Defendant CORIZON's employees at SCI-Graterford outrageously, intentionally, wilfully, negligently, gross negli-

---

[5]Additionally, a review of Mr. Davis' PA-DOC medical records reveals that he was also suffering from the following HIV medications side-effects: (1) Insulin Resistance – abnormalities in his blood sugar levels and, possibly, diabetes; (2) Lipid abnormalities – increases in cholesterol or triglycerides; (3) Lactic acidosis – a buildup of lactate, a cellular waste product, in the body; (4) Hepatotoxicity – damage to the liver caused by HIV medicines. These side-effects increased Mr. Davis' risk of permanent injury and premature death.

gently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights did not stop the unnecessary and toxic HIV medications, but continued to administer unnecessary and toxic HIV medications to him causing serious and permanent illnesses.

66. On March 8, 2012, Defendant TOBIN outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights made a notation on Mr. Davis' DC-472 ("Progress Notes"), as follows: "faxed to Corizon offices – Hgbaic pending, +HIV+ IDDM."

67. Defendant TOBIN recklessly did not comply with 49 Pa. Code § 18.158(a)(3), (4), (6), (d)(3), and 49 Pa. Code § 18.171 *et seq.*

68. During this time, Defendant BLATT had a statutory nondelegable duty to supervise Defendant TOBIN; and pursuant to 49 Pa. Code § 18.144(7) is fully liable for Defendant TOBIN's negligence and constitutional violations as it relates to Mr. Davis' healthcare.

69. Defendant BLATT recklessly did not comply with 49 Pa. Code § 18.142(5), 49 Pa. Code § 18.144(1), (4), (5), 49 Pa. Code § 18.158(c), (d)(5), 49 Pa. Code § 18.159 *et seq*, and 49 Pa. Code § 18.171 *et seq.*

70. On March 9, 2012, BioReference Laboratories sent Defendant CORIZON employees at SCI-Graterford a "Final Report"; there is no mention of Mr. Davis having HIV.

71. Despite the undisputed BioReference Laboratories Reports, Defendant CORIZON's employees at SCI-Graterford outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights did not stop the unnecessary and toxic HIV medications,

17

but continued to administer unnecessary and toxic HIV medications to him causing serious and permanent illnesses.

72. On March 14, 2012, an unknown CORIZON employee at SCI-Graterford made a notation Mr. Davis' DC-472 ("Progress Notes"), as follows: "SCIG intake chart @ on HIV meds but no + test? (M. Edwards notified)."

73. That Defendant CORIZON employee did not stop the unnecessary and toxic HIV medications.

74. Mr. Davis reasonably believes and avers that Defendant EDWARDS was notified.

75. Defendant EDWARDS did not stop the unnecessary and toxic HIV medications.

76. Another entry on that date reads: "HIV meds given but unable to mark in sapphire."

77. From March 15, 2012 until on or about April 19, 2012, Mr. Davis was incarcerated at SCI-Camp Hill as a sentenced inmate.

78. March 15, 2012, Mr. Davis discovered that Defendants STEFANIC, MACHAK, LEE and other CORIZON and PA-DOC employees outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights had prescribed and administered to Mr. Davis the HIV drugs, "Truvada 200-300 mg [and] Isentress 400 mg."

79. On that day, for the first time, Mr. Davis actually saw the medications being removed from the original packaging.

80. On March 15, 2012, Mr. Davis refused to take the HIV drugs, "Truvada 200-300 mg [and] Isentress 400 mg."

81. On or about March 15, 2012, Mr. Davis was placed in "D/C Med Hold" status at SCI-Camp Hill after he refused to take HIV medications by PA-DOC Officials, Defendant VOORSTAD and an unknown CORIZON medical staff person.

82. On that day, PA-DOC Officials, Defendant VOORSTAD and other unknown CORIZON medical staff persons had no medical evidence that Mr. Davis was HIV+.

83. On March 15, 2012, Defendant EDWARDS, per a standing order from Defendant BINNION subjected Mr. Davis to another HIV test.

84. Even though Mr. Davis refused to take yet another HIV test, Defendant EDWARDS "[p]er standing order from Dr. Binnion" and, without his consent, recklessly assaulted Mr. Davis and took his blood by stabbing a needle into his veins for another HIV test.

85. On March 15, 2012, Defendant EDWARDS made a notation Mr. Davis' DC-472 ("Progress Notes"), as follows: "Inmate denies HIV+ status.  Inmate states he was tested 'negative' while @ Phila Co."

86. Defendant EDWARDS did not stop the unnecessary and toxic HIV medications.

87. On March 15, 2012, Mr. Davis told Defendant VOORSTAD that he was not HIV+ and should not be taking any HIV medications; Defendant VOORSTAD made a notation on Mr. Davis' DC-472 ("Progress Notes") expressing disbelief about Mr. Davis' statements about *his* medical history.

88. Defendant VOORSTAD did not stop the unnecessary and toxic HIV medications.

89. Again, on March 16, 2012, Mr. Davis refused to take the HIV drugs, "Truvada 200-300 mg [and] Isentress 400 mg."

90. On March 16, 2012, a CORIZON employee at SCI-Camp Hill made a notation Mr. Davis' DC-472 ("Progress Notes"), as follows: "S. 'There not my meds.'  The doctor in

Philadelphia gave me the wrong meds.  D. I/M refused Insentress 400 mg… stated the above to me…"

91. After Mr. Davis refused to the take the HIV medications, pursuant to PA-DOC custom and in retaliation for Mr. Davis' refusal, Defendants COMMONWEALTH, WETZEL, OPPMAN, HARRY, SECURITY CAPTAIN SCI-Camp Hill, DOE-M.D. SCI-Camp Hill, in unlawful concert with the CORIZON Defendants at SCI-Camp Hill outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights held him in disciplinary custody in violation of his constitutional rights and rights under the Americans With Disabilities Act.

92. Defendants COMMONWEALTH, WETZEL, OPPMAN, HARRY, SECURITY CAP-TAIN SCI-Camp Hill, DOE-M.D. SCI-Camp Hill, in unlawful concert with the CORI-ZON Defendants at SCI-Camp Hill did not stop the unnecessary and toxic HIV medica-tions.

93. On March 16, 2012, BioReference Laboratories sent Defendant CORIZON employee and Defendant BINNION at SCI-Camp Hill a "Final Report" stating that Mr. Davis was *not* HIV+.

94. Despite the undisputed BioReference Laboratories Reports, Defendant BINNION outra-geously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, ma-liciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights did not stop the unnecessary and toxic HIV medications, but continued to adminis-ter unnecessary and toxic HIV medications to him causing serious and permanent illness-es.

95. On March 16, 2012, Defendant EDWARDS made a notation Mr. Davis' DC-472 ("Progress Notes"), as follows: "HIV test results… HIV test negative… HIV negative."

96. Defendant EDWARDS did not stop the unnecessary and toxic HIV medications.

97. On March 23, 2012, Defendant SPAEDER made a notation on Mr. Davis' DC-472 ("Progress Notes"), as follows: "Received confirmation from Jed Edwards that pt does not have HIV & should not be on meds P DK HIV meds."

98. Defendant SPAEDER did not stop the unnecessary and toxic HIV medications.

99. Defendant SPAEDER recklessly did not comply with 49 Pa. Code § 18.158(a)(3), (4), (6), (d)(3), and 49 Pa. Code § 18.171 *et seq.*

100. During this time, Defendant GANDY had a statutory nondelegable duty to supervise Defendant SPAEDER; and pursuant to 49 Pa. Code § 18.144(7) is fully liable for Defendant SPAEDER's negligence and constitutional violations as it relates to Mr. Davis' healthcare.

101. Defendant GANDY recklessly did not comply with 49 Pa. Code § 18.142(5), 49 Pa. Code § 18.144(1), (4), (5), 49 Pa. Code § 18.158(c), (d)(5), 49 Pa. Code § 18.159 *et seq*, and 49 Pa. Code § 18.171 *et seq*.

102. Defendant GANDY did not stop the unnecessary and toxic HIV medications.

103. On April 13, 2012, BioReference Laboratories sent Defendant MCGINNIS at SCI-Camp Hill a "Final Report" stating that Mr. Davis was *not* HIV+.

104. Despite the undisputed BioReference Laboratories Reports, Defendant MCGINNIS outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights did not stop the unnecessary and toxic HIV medications, but continued to adminis-

21

ter unnecessary and toxic HIV medications to him causing serious and permanent illnesses.

105. Defendant MCGINNIS recklessly did not comply with 49 Pa. Code § 18.158(a)(3), (4), (6), (d)(3), and 49 Pa. Code § 18.171 *et seq.*

106. During this time, Defendant NOEL had a statutory nondelegable duty to supervise Defendant MCGINNIS; and pursuant to 49 Pa. Code § 18.144(7) is fully liable for Defendant MCGINNIS' negligence and constitutional violations as it relates to Mr. Davis' healthcare.

107. Defendant NOEL did not stop the unnecessary and toxic HIV medications.

108. Defendant NOEL recklessly did not comply with 49 Pa. Code § 18.142(5), 49 Pa. Code § 18.144(1), (4), (5), 49 Pa. Code § 18.158(c), (d)(5), 49 Pa. Code § 18.159 *et seq*, and 49 Pa. Code § 18.171 *et seq*.

109. Prior to leaving SCI-Camp Hill, Defendant SPAEDER told Mr. Davis that "Philadelphia County screwed up his medications" and he should "sue their asses."

110. From on or about April 19, 2012 to the present, Mr. Davis has been incarcerated at SCI-Coal Township as a sentenced inmate.

111. As continued punishment after he was transferred from SCI-Camp Hill, Mr. Davis was held in Disciplinary Custody at SCI-Coal Township because he refused to take the unnecessary and toxic HIV+ medications.

112. Pursuant to PA-DOC custom and in retaliation for Mr. Davis' refusal to restart taking the unnecessary and toxic HIV+ medications, Defendants COMMONWEALTH, WETZEL, OPPMAN, MOONEY, SECURITY CAPTAIN-Coal Township, DOE-M.D. SCI-Coal Township, in unlawful concert with the CORIZON Defendants at SCI-Coal Township

22

outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights held him in disciplinary custody in violation of his constitutional rights and rights under the Americans With Disabilities Act.

113. On April 24, 2012, Defendants GRIMES, DAVIS and STANISH reviewed Mr. Davis' medical chart and made entries on Mr. Davis' "Chronic Clinic Physician's Orders" form and, did not indicate that Mr. Davis was HIV+.

114. Defendants GRIMES, DAVIS and STANISH did not stop the unnecessary and toxic HIV medications.

115. Defendant DAVIS recklessly did not comply with 49 Pa. Code § 18.158(a)(3), (4), (6), (d)(3), and 49 Pa. Code § 18.171 *et seq.*

116. During this time, Defendant NOEL had a statutory nondelegable duty to supervise Defendant DAVIS; and pursuant to 49 Pa. Code § 18.144(7) is fully liable for Defendant DAVIS' negligence and constitutional violations as it relates to Mr. Davis' healthcare.

117. Defendant NOEL did not stop the unnecessary and toxic HIV medications.

118. Defendant NOEL recklessly did not comply with 49 Pa. Code § 18.142(5), 49 Pa. Code § 18.144(1), (4), (5), 49 Pa. Code § 18.158(c), (d)(5), 49 Pa. Code § 18.159 *et seq*, and 49 Pa. Code § 18.171 *et seq*.

119. On May 2, 2012, BioReference Laboratories sent Defendant CORIZON employee and Defendant DAVIS at SCI-Coal Township a "Final Report" stating that Mr. Davis was *not* HIV+.

120. Despite the undisputed BioReference Laboratories Reports, that Defendant CORIZON's employees at SCI-Coal Township outrageously, intentionally, wilfully, negligently, gross

negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights did not stop the unnecessary and toxic HIV medications, but continued to administer unnecessary and toxic HIV medications to him causing serious and permanent illnesses..

121. A few days prior to May 11, 2012, Mr. Davis was released from Disciplinary Custody at SCI-Coal Township.

122. Even though Mr. Davis refused to take yet another HIV test, on June 12, 2012, Defendant WOLFGANG "[p]er standing order from Dr. Scharff" and, without his consent, recklessly assaulted Mr. Davis and took his blood by stabbing a needle into his veins for another HIV test.

123. From March 5, 2012 through June 2012, the CITY, CORIZON and COMMONWEALTH Defendants outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights regarded Mr. Davis as being HIV+.

124. At all times relevant hereto, Mr. Davis was regarded as HIV+; being regarded as HIV+ afforded him protection under the Americans With Disabilities Act.

125. Through no fault of his own correctional officers and other inmates at SCI-Graterford, SCI-Camp Hill and SCI-Coal Township discovered Mr. Davis' false HIV+ status, which outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights caused him to be wrongfully disciplined, harassed, embarrassed, isolated, shunned and discriminated against causing him severe emotional distress.

126. Upon reasonable information and belief, Plaintiff avers that Defendant CORIZON and "PHS has been sued repeatedly for failure to treat inmates' health problems and has incurred over 100 million dollars in failure-to-treat claims" between 2001 and October 31, 2013, which includes numerous failure-to-treat cases from PPS, SCI-Graterford, SCI-Camp Hill and SCI-Coal Township because between 2001 and October 31, 2013 Defendant CORIZON and PHS settled hundreds of failure-to-treat cases arising out of those institutions.

127. Upon reasonable information and belief, Plaintiff avers that by the time the MUNICIPAL and COMMONWEALTH Defendants entered the contracts with Defendant CORIZON that resulted in the injuries to Plaintiff, they knew of Defendant CORIZON's history of corporate negligence and fraud, but outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights ignored it and contracted with the company.

128. Since CORIZON has been their healthcare provider, the MUNICIPAL and COMMONWEALTH Defendants have been repeatedly warned by outside and independent auditors that CORIZON'S medical practices and other services fell below the standard of care for medical providers, but outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights ignored those warnings.

129. Upon reasonable information and belief, Mr. Davis avers that Defendant CORIZON has a custom of employing unqualified and uncaring doctors that has been highlighted repeatedly by expert reports and court decisions, but the MUNICIPAL and COMMON-

25

WEALTH Defendants have outrageously, intentionally, wilfully, negligently, gross negligently, recklessly, wantonly, maliciously, callously and in reckless, callous and deliberate indifference to Mr. Davis' rights ignored that evidence.

130. During the period of time that Mr. Davis was imprisoned all the Defendants had the ability to make sure that he was not prescribed unnecessary and toxic HIV drugs that he did not need to take because he was *not* HIV+.

131. As part of a pattern of conduct to ignore and to cover up their outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct, the Defendants have not undertaken any medical examinations of Mr. Davis to determine the effects that the unnecessary and toxic HIV drugs have had on Mr. Davis.[6]

132. As of this date, Mr. Davis is still suffering from the effects of the above described serious medical conditions.

## V. CLAIMS FOR RELIEF

### COUNT 1
### NEGLIGENCE
### DEFENDANTS CITY AND COUNTY OF PHILADELPHIA, GIORLA AND HERDMAN

133. Plaintiff hereby incorporates by reference, Paragraphs 1 through 132, as though they are fully set forth herein.

134. Defendants CITY AND COUNTY OF PHILADELPHIA, GIORLA and HERDMAN have a constitutional and statutory duty to provide prompt, adequate and necessary medical treatment and healthcare Plaintiff, but failed.

---

[6]According to the National Institutes of Health, one common test is the Liver Function Test ("LFT"), which tests that measure the blood levels of liver enzymes (proteins made and used by the liver) to determine if Mr. Davis' liver is working properly.

135. Defendants CITY AND COUNTY OF PHILADELPHIA, GIORLA and HERDMAN, acting in concert with others, have outrageously, unreasonably, negligently, gross negligently, knowingly, intentionally, willfully, maliciously, wanton, reckless, callous and deliberately indifferently:

a.  Failed to provide prompt and adequate healthcare for Plaintiff's serious medical conditions.

b.  Failed to monitor contractors hired by Defendant CITY AND COUNTY OF PHILADELPHIA, and/or employees, agents, servants and contractors of Defendant CITY AND COUNTY OF PHILADELPHIA, and/or employees, agents, servants and contractors of Defendant CITY AN D COUNTY OF PHILADELPHIA, with regards to administration of duties assumed and assigned from Defendant CITY OF PHILADELPHIA, including, but not limited to approving medical treatment for Plaintiff's serious medical conditions;

c.  Failed to monitor contractors hired by Defendant CITY AND  COUNTY OF PHILADELPHIA, and/or employees, agents, servants and contractors of Defendant CITY AND COUNTY OF PHILADELPHIA, and/or employees, agents, servants and contractors of Defendant CITY OF PHILADELPHIA, with regards to following of policies required within the PPS, including, but not limited to approving medical treatment for Plaintiff's serious medical conditions;

d.  Failed to identify, investigate, and take remedial and/or disciplinary actions and/or measures against those who fail to provide approval medical care to incarcerated persons with serious medical conditions;

e.  Failed to ensure that their employees, agents, servants and contractors to follow established policies, procedures, directives, clauses, provisions and instructions regarding the approval of medical treatment and provision of medical treatment under the circumstances and the present case;

f.  Failed to properly sanction and/or discipline employees, agents, servants and contractors who are aware of an/or conceal and/or aid and/or abet denials of prompt and adequate medical care to incarcerated persons with serious medical conditions, thereby causing, tolerating, ratifying and encouraging employees, agents, servants and contractors within PPS, including Defendant CORIZON and/or its employees, agents, servants and contractors to deny prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions; and

g.  Defendants CITY AND COUNTY OF PHILADELPHIA, GIORLA and HERDMAN acted with callous indifference to Mr. Davis' serious medical needs by recklessly to promptly and adequately treat Mr. Davis' serious medical conditions.

h.  Negligence as a matter of law; and

i.  Such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

136.  As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendants CITY AND COUNTY OF PHILADELPHIA, GIORLA and HERDMAN, Plaintiff has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 2
### NEGLIGENCE
### DEFENDANTS COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY AND MOONEY

137.  Plaintiff hereby incorporates by reference, Paragraphs 1 through 137, as though they are fully set forth herein.

138.  Defendants COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY have a constitutional and statutory duty to provide prompt, adequate and necessary medical treatment and healthcare Plaintiff, but failed.

139.  Defendants COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY, acting in concert with others, have outrageously, unreasonably, negligently, gross negligently, knowingly, intentionally, willfully, maliciously, wanton, reckless, callous and deliberately indifferently:

28

a.  Failed to provide prompt and adequate healthcare for Plaintiff's serious medical conditions.

b.  Failed to monitor contractors hired by Defendant COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY, and/or their employees, agents, servants and contractors of Defendant CORIZON, and/or employees, agents, servants and contractors of Defendant CORIZON, with regards to administration of duties assumed and assigned from them, including, but not limited to approving medical treatment for Plaintiff's serious medical conditions;

c.  Failed to monitor contractors hired by Defendant COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY and/or the employees, agents, servants and contractors of Defendant CORIZON with regards to following of policies required within the PADOC, including, but not limited to approving medical treatment for Plaintiff's serious medical conditions;

d.  Failed to identify, investigate, and take remedial and/or disciplinary actions and/or measures against those who fail to provide approval medical care to incarcerated persons with serious medical conditions;

e.  Failed to ensure that their employees, agents, servants and contractors to follow established policies, procedures, directives, clauses, provisions and instructions regarding the approval of medical treatment and provision of medical treatment under the circumstances and the present case;

f.  Failed to properly sanction and/or discipline employees, agents, servants and contractors who are aware of an/or conceal and/or aid and/or abet denials of prompt and adequate medical care to incarcerated persons with serious medical conditions, thereby causing, tolerating, ratifying and encouraging employees, agents, servants and contractors within PA-DOC, including Defendant CORIZON and/or its employees, agents, servants and contractors to deny prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions;

g.  Defendants COMMONWEALTH OF PENNSYLVANIA, WETZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY acted with callous indifference to Mr. Davis' serious medical needs by recklessly to promptly and adequately treat Mr. Davis' serious medical conditions;

h.  Negligence as a matter of law; and

i.  Such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

140.  As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately

29

indifferent conduct by Defendants COMMONWEALTH OF PENNSYLVANIA, WET-ZEL, OPPMAN, WENEROWICZ, KORSZIAK, DOES-M.D., HARRY and MOONEY, Plaintiff has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 3
## CORPORATE NEGLIGENCE
## DEFENDANT CORIZON HEALTH, INC.

141. Plaintiff hereby incorporates by reference, Paragraphs 1 through 140, as though they are fully set forth herein.

142. Defendant CORIZON HEALTH, INC. had a duty to comply with generally accepted standards of care in their medical evaluations, treatment and healthcare of Plaintiff, but failed.

143. The outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendant CORIZON HEALTH, INC. consisted of the following:

a.    Failure to provide reasonable medical care under the circumstances;

b.    Failure to listen to and act on Plaintiff's complaints;

c.    Failure to possess and exercise that degree of skill and care required by a physician and/or medical institution under the circumstances;

d.    Failure to timely diagnose and treat Plaintiff's medical condition;

e.    Failure to recognize the need for additional medical treatment of Plaintiff;

f.    Failure to properly supervise and control its agents, servants and employees and monitor the accuracy and quality of their work product;

g.   Failed to identify, investigate, and take remedial and/or disciplinary actions and/or measures against those who fail to provide approval medical care to incarcerated persons with serious medical conditions;

h.   Failure to properly sanction and/or discipline employees, agents, servants and contractors who were the subject of the complaints of incarcerated persons, thereby causing, tolerating, ratifying gross negligence and encouraging employees, agents, servants and contractors within PPS and PA-DOC, including Defendants CORIZON HEALTH, INC., KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township to deny prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions;

i.   Failure to have in place a proper follow-up system for the care and treatment of Plaintiff;

j.   Failure to properly observe, follow and monitor Plaintiff's medical condition to effect a proper recovery;

k.   Failure to have competent physicians and health care professionals on duty as required to meet the standards required by law in a clinical setting;

l.   Employing inadequate or inappropriate methods, techniques and procedures for the evaluation of Plaintiff's medical conditions and referral to appropriate specialists;

m.   Negligent hiring of physicians and health care professionals who lack the proper skills required in a clinical setting;

n.   Negligence as a matter of law; and

o.   Such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

144.   Because Defendant CORIZON HEALTH, INC. and its employees at PPS and PA-DOC, including Defendants CORIZON, KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township were agents, servants, and/or employees of Defendant CORIZON at PPS and PA-DOC, were acting within the scope and course of their employment, and under

31

the direct control and supervision of Defendant CORIZON and its policy and decision makers, Defendant CORIZON is liable.

145. As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendant CORIZON HEALTH, INC., Plaintiff has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 4
## MEDICAL MALPRACTICE
### DEFENDANTS CORIZON HEALTH, INC., KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-GRATERFORD, DOE-M.D. SCI-CAMP HILL AND DOE-M.D. SCI-COAL TOWNSHIP

146. Plaintiff hereby incorporates by reference, Paragraphs 1 through 145, as though they are fully set forth herein.

147. Defendant CORIZON HEALTH, INC. and its employees at PPS and PA-DOC, including Defendants CORIZON, KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township had a duty to comply with generally accepted standards of care in their medical evaluations and treatment of Plaintiff, but failed.

148. The outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendant

32

CORIZON HEALTH, INC. and its employees at PPS and PA-DOC, including Defendants CORIZON, KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township consisted of the following:

a.   Failure to provide reasonable medical care under the circumstances;

b.   Failure to make timely referrals to reasonable and competent physicians;

c.   Failure to listen to and act on Plaintiff's complaints;

d.   Failure to possess and exercise that degree of skill and care required by a physician and/or medical institution under the circumstances;

e.   Failure to timely diagnose and treat Plaintiff's medical condition;

f.   Failure to recognize the need for additional medical treatment of Plaintiff;

g.   Failure to properly supervise and control the agents, servants and employees of Defendant in providing for proper follow-up medical treatment to Plaintiff;

h.   Failure to have in place a proper follow-up system for the care and treatment of Plaintiff;

i.   Failure to properly observe, follow and monitor Plaintiff's medical condition to effect a proper recovery;

j.   Failure to properly sanction and/or discipline employees, agents, servants and contractors who were the subject of the complaints of incarcerated persons, thereby causing, tolerating, ratifying and encouraging employees, agents, servants and contractors within PPS and PA-DOC, including Defendants CORIZON HEALTH, INC., KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township to deny prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions;

k.   Negligence as a matter of law; and

l.   Such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

149. As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendant CORIZON HEALTH, INC.  and its employees at PPS and PA-DOC, including Defendants CORIZON, KALU, DOES-PPS, KORSZNIAK, STEFANIC, MACHAK, LEE, TOBIN, BINNION, NOEL, MCGINNIS, GANDY, SPAEDER, VOORSTAD, EDWARDS, BLATT, DAVIS, SCHARFF, WOLFGANG, GRIMES, STANISH, DOE-M.D. SCI-Graterford, DOE-M.D. SCI-Camp Hill and DOE-M.D. SCI-Coal Township, Plaintiff has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 5
### MEDICAL BATTERY
### DEFENDANTS WOLFGANG, EDWARDS, BINNION AND SCHARFF

150. Plaintiff hereby incorporates by reference, Paragraphs 1 through 149, as though they are fully set forth herein.

151. On March 15, 2012, Defendant EDWARDS "[p]er standing order from Dr. Binnion" and, without Mr. Davis' consent, recklessly assaulted him and took his blood by stabbing a needle into his veins for another and unnecessary HIV test.

152. Defendant EDWARDS' outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct was without legal authority or provocation and caused Plaintiff bodily injury and placed him in reasonable fear of continued bodily injury.

153. On June 12, 2012, Defendant WOLFGANG "[p]er standing order from Dr. Scharff" and, without Mr. Davis' consent, recklessly assaulted him and took his blood by stabbing a needle into his veins for another and unnecessary HIV test.

154. Defendant WOLFGANG's outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct was without legal authority or provocation and caused Plaintiff bodily injury and placed him in reasonable fear of continued bodily injury.

155. Pursuant to 49 Pa. Code § 18.144(7) Defendants BINNION and SCHARFF are fully liable for Defendants WOLFGANG and EDWARDS' negligence and constitutional violations as it relates to Mr. Davis' healthcare

156. As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by Defendants WOLFGANG, EDWARDS, BINNION and SCHARFF, Plaintiff has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

### COUNT 6
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**ALL DEFENDANTS**

157. Plaintiff hereby incorporates by reference, Paragraphs 1 through 156, as though they are fully set forth herein.

158. All Defendants have a constitutional and statutory duty to provide prompt, adequate and necessary medical treatment and healthcare Plaintiff, but failed.

35

159. All Defendants regarded Plaintiff being HIV+ which entitled him to protection under the Americans With Disabilities Act.

160. All Defendants acting in concert with others, have outrageously, unreasonably, negligently, gross negligently, knowingly, intentionally, willful, maliciously, wantonly, recklessly, callous and deliberately indifferent:

   a.  Regarded Plaintiff being HIV+ and subjected him to forced, unnecessary and toxic HIV medications;

   b.  Regarded Plaintiff being HIV+ and subjected him to forced, unnecessary, painful, invasive medical testing by using a needle to stab into Plaintiff's veins and withdrawing his blood without his permission; and

   c.  Regarded Plaintiff being HIV+ and wrongfully and unlawfully retaliated against him by placing Plaintiff into disciplinary custody when he refused to continue to take the unnecessary and toxic HIV medications that they knew were causing Plaintiff serious and permanent illnesses.

161. As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by all Defendants, Plaintiff has suffered a violation of his rights under the Americans With Disabilities Act, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 7
## VIOLATION OF THE EIGHTH AMENDMENT
## ALL DEFENDANTS

162. Plaintiff hereby incorporates by reference, Paragraphs 1 through 161, as though they are fully set forth herein.

163. All Defendants have a constitutional and statutory duty to provide prompt, adequate and necessary medical treatment and healthcare Plaintiff, but failed.

36

164. All Defendants acting in concert with others, have outrageously, unreasonably, negligently, gross negligently, knowingly, intentionally, willfully, maliciously, wantonly, recklessly and callous indifferently:

   a. Regarded Plaintiff being HIV+ and subjected him to forced, unnecessary and toxic HIV medications;

   b. Regarded Plaintiff being HIV+ and subjected him to forced, unnecessary, painful, invasive medical testing by using a needle to stab into Plaintiff's veins and withdrawing his blood without his permission; and

   c. Regarded Plaintiff being HIV+ and wrongfully and unlawfully retaliated against him by placing Plaintiff into disciplinary custody when he refused to continue to take the unnecessary and toxic HIV medications that they knew were causing Plaintiff serious and permanent illnesses.

165. As a direct and proximate cause of the outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct by all Defendants, Plaintiff has suffered a violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and will continue to suffer permanently into the future to his great detriment and loss.

## COUNT 8
### NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

166. Plaintiff hereby incorporates by reference, Paragraphs 1 through 165, as though they are fully set forth herein.

167. The Defendants' outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct caused Mr. Davis to feel: "Like a dead man walking with major depression and being part of the *Tuskegee Experiments*."

168. All Defendants' conduct, by and through the actions described the Complaint, was outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent, and caused physical harm and emotional distress to Plaintiff.

169. As a direct and proximate cause of all Defendants' outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless, callous and deliberately indifferent conduct, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

## VI.  DEMANDS FOR
## DAMAGES AND PUNITIVE DAMAGES

170. Plaintiff hereby incorporates by reference, Paragraphs 1 through 169, as though they are fully set forth herein.

171. WHEREFORE:

   a. On all Claims For Relief, Plaintiff demands judgment in his favor pursuant to 42 U.S.C. §§ 1983, 1985 and 1988; Americans With Disabilities Act; and the Eighth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state tort laws.

   b. On all Claims For Relief, Plaintiff demands judgment in his favor and damages in an amount not less than $150,000.00 on all claims for relief, and reasonable costs, expenses and interest.

   c. On all Claims For Relief, Plaintiff demands judgment in his favor and punitive damages on all claims for relief, and reasonable costs, expenses and interest because Defendants' actions exceeded the normal standards of decent conduct and

38

was, at times relevant hereto, outrageous, willful, malicious, wanton, reckless, callous and deliberately indifferent, and did not serve any penological interests.

## VII.  DEMAND FOR JURY TRIAL

172. Plaintiff hereby incorporates by reference, Paragraphs 1 through 171, as though they are fully set forth herein.

**WHEREFORE**, on all facts and claims for relief asserted, Plaintiff demands a trial by jury, reasonable attorney's fees, costs, expenses and interest, other just relief as the Court may award.

Respectfully submitted,

*s/ Geoffrey V. Seay*

_____

Geoffrey V. Seay, Esquire
Attorney at Law
1315 Walnut Street, Suite 602
Philadelphia, PA 19107
Attorney For Peter Davis
(215) 893-1480
(215) 893-1483 (Fax)
seaylaw@aol.com
March 12, 2014