IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER DAVIS** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **14-1490** |
| **CORIZON HEALTH, INC., et al,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

**STENGEL, J.**                                                                                           **October 20, 2014**

Peter Davis is a prisoner at SCI-Coal Township. He brings this civil action against the Commonwealth of Pennsylvania, the prison, Corizon Health, Inc., and various prison medical staff among others. Mr. Davis moves for leave to amend his complaint. For the reasons that follow, I will deny his request.

**I       BACKGROUND**

The Commonwealth of Pennsylvania contracts with Corizon Health to provide healthcare services at many of its prisons. Although Mr. Davis has never tested HIV positive, he alleges that Corizon staff began prescribing him HIV medications. The HIV drugs reacted poorly with Mr. Davis's other medications causing emotional and physical injuries. He now brings this action alleging negligence, medical malpractice and violations of the Eight Amendment and the Americans with Disabilities act.

Mr. Davis filed his first amended complaint as a matter of course when defendants moved to dismiss. Defendants have renewed their motions. In response, Mr. Davis filed a

second amended complaint without leave of court or stipulation of the parties. Mr. Davis now moves for retroactive leave to amend. The proposed amendment adds 1.) the Pennsylvania Department of Corrections as a party; 2.) a claim for invasion of medical privacy; 3.) a request for injunctive relief and 4.) clarifies the relationship between the individual defendants and their employers.

## II.     STANDARD OF REVIEW

Mr. Davis may only file a second amended complaint by stipulation of the parties or with leave of court. Fed. R. Civ. P. 15(a)(1)("A party may amend its pleading **once** as a matter of course…"). A district court should freely grant leave to amend "when justice so requires." Id. Nonetheless, it is within the discretion of a district court to deny a motion for leave to amend upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it advances a claim which would not survive a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.1983).

## III     DISCUSSION

Mr. Davis moves to add the Pennsylvania Department of Corrections as a party in order to save his ADA claim.[1] As defendants correctly noted in their motions to dismiss the amended complaint, neither the individual defendants nor the Commonwealth are

---

[1] "Mr. Davis' Second Amended Complaint names the Commonwealth of Pennsylvania Department of Corrections ("PA-DOC") as a Defendant because a claim has been brought under the Americans with Disabilities [Act]." Pl.'s Reply, doc. no. 80, ¶ 4.

liable under Title II of the ADA. 42 U.S.C. § 12131(1) (defining public entity as "any department, agency, special purpose district or other instrumentality of the state…"); Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not liable). Thus, the Department of Corrections is the only appropriate party for Mr. Davis's ADA claim.

The addition of the Department of Corrections will not save the ADA claim because it is hopelessly flawed. To prevail on a Title II ADA claim,[2] Mr. Davis must prove that he "(1) has a disability; (2) was otherwise qualified to participate in a [public] program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [his] disability." Stone v. New Jersey Admin. Office of the Courts, 557 F. App'x 151, 153-54 (3d Cir. 2014) (citing Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir.2009)). Mr. Davis contends that the Department of Corrections violated the ADA when prison officials treated Mr. Davis for HIV even though he was not HIV positive. These allegations may sound in medical malpractice but they utterly fail to identify a prison program in which Mr. Davis was qualified to participate. Nor do these facts plausibly suggest that the Department of Corrections prevented Mr. Davis from enjoying the benefits of any prison program. Therefore, the ADA claim will be dismissed for reasons apart from Mr. Davis's identification of the wrong party. Accordingly, it would be futile to add the Department of Corrections as a party to this case.

---

[2] Although Mr. Davis does not clearly plead under what provision of the ADA he seeks relief, state prisons are covered under Title II. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998).

Mr. Davis may not amend his complaint to add a cause of action for Invasion of Medical Privacy against Defendant Nicholas Scharff, because Dr. Scharff is immune from suit. Mr. Davis pleads that the Department of Corrections employs Dr. Scharff. Compl. ¶ 37. Therefore, Dr. Scharff is a Commonwealth party and is immune from suit except as specifically waived by the General Assembly. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8501. Mr. Davis's claim is more appropriately labeled breach of physician-patient confidentiality[3] which is a distinct cause of action sounding in tort. Burger v. Blair Med. Associates, Inc., 964 A.2d 374, 381 (Pa 2009). The general assembly has not waived sovereign immunity for breach of physician-patient confidentiality. 42 Pa.C.S. § 8522(b). This claim would not survive a motion to dismiss.[4]

Mr. Davis may not amend his complaint to add a count demanding a preliminary injunction against Dr. Scharff's use of Mr. Davis' medical records. Mr. Davis may seek an injunction as a remedy, not as an independent cause of action. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 311, (1982); In re Shop-Vac Mktg. & Sales Practices Litig., 964 F. Supp. 2d 355, 365 (M.D. Pa. 2013) ("[I]njunctive relief is a remedy, not an independent cause of action."). If Mr. Davis desires a preliminary injunction, he must file a motion pursuant to Federal Rule of Civil Procedure 65 adducing enough information from which the court can balance the hardships on the parties. See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012) (citing

---

[3] Ms. Davis does not dispute this characterization of his claim. Pl.'s Reply ¶ 14.

[4] Mr. Davis's reply brief makes passing reference to Doe v. Delie, 257 F.3d 309 (3d Cir. 2001). Pl.'s Reply ¶ 18. While the Third Circuit has recognized a prisoner's constitutional right to privacy in his medical information, Mr. Davis has not plead a cause of action under this principle.

Crissman v. Dover Downs Entm't Inc., 239 F.3d 357, 364 (3d Cir.2001). ("A court must consider four factors when ruling on a motion for preliminary injunction: '(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest.'"). In any event, Mr. Davis's has not pleaded a cause of action against Dr. Scharff warranting injunctive relief. Id. (citing In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir.1982)) ("The moving party's failure to show a likelihood of success on the merits 'must necessarily result in the denial of a preliminary injunction.'")

      Mr. Davis contends he filed his amended complaint because defendants have not engaged in any discovery, a position at odds with the rules of procedure. A party has no duty to exchange initial disclosures or respond to discovery requests until after the Rule 26(f) conference. Fed R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties Rule 26(f) conference."); Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). At the time Mr. Davis filed his motion for leave to amend, the parties' discovery obligations were not yet triggered because they had not conferred pursuant to Rule 26(f). See Notice of Hearing, doc. no. 83. Mr. Davis's argument lacks merit.

      Finally, I fail to see why Mr. Davis needs to amend his complaint to clarify the relationships between the individually named medical defendants and their employers.

5

Allowing amendment on what appears to be a minor technicality would unnecessarily prolong these proceedings. Mr. Davis can explain why this information is critical to his case when responding to defendants' motions to dismiss.

## IV  CONCLUSION

For the foregoing reasons, I will deny Mr. Davis' motion for leave to amend the complaint.

An appropriate order follows.